UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JONATHON P. PLANK, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. 1:23-cv-00509-HAB-SLC |
| MIDWEST SHOOTING CENTER MANAGED SERVICES, LLC, | ) ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

On December 7, 2023, Defendant removed this action from the Allen County Superior Court, alleging diversity of citizenship as the basis for jurisdiction under 28 U.S.C. § 1332. (ECF 1). Defendant's allegations of diversity of citizenship, however, require clarification in several respects.

Defendant's allegation pertaining to Plaintiff's citizenship in the Notice of Removal is deficient. Specifically, Defendant alleges that Plaintiff "resides in Indiana." (ECF 1 ¶ 6(a)). "But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run. An allegation of 'residence' is therefore deficient." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) (collecting cases); *see also Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012). The Court must be informed of Plaintiff's domicile.

Further, when alleging its own citizenship, Defendant states that it "is an Ohio Limited Liability Company" and that "[b]oth its members are residents of Ohio, and its corporate headquarters and principal place of business are located [in Ohio]." (ECF 1 ¶ 6(b)). This is insufficient. The citizenship of a limited liability company (LLC) "for purposes of . . . diversity

jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). The Court must be informed of the name and citizenship of each of Defendant's member. *See Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and citizenship(s)" of *each* partner of a partnership for diversity jurisdiction purposes). If any of Defendant's members are not natural persons, Defendant must trace each member's citizenship through all applicable layers of ownership to ensure that no member shares a common citizenship with Plaintiff. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). Conversely, if Defendant's members are individuals, the Court must be informed of their domicile. *See Heinen*, 671 F.3d at 670. For those reasons, the allegations in the Notice of Removal pertaining to Defendant's and Plaintiff's citizenship require further clarification.

Second, and for the same reasons stated above, Defendant's corporate disclosure statement (ECF 2) is noncompliant with Federal Rule of Civil Procedure 7.1(a)(2), which requires that parties in a diversity action "name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party . . . ." As a corollary, Plaintiff has not filed his disclosure statement pursuant to Rule 7.1(a)(2) and will be directed to do so as well.

Accordingly, Defendant is AFFORDED to and including December 22, 2023, to file: (1) a supplemental jurisdictional statement that adequately articulates both parties' citizenship,[3] and (2) an amended disclosure statement that fully complies with Rule 7.1. Further, Plaintiff is

---

[3] In filing the supplemental jurisdictional statement, Defendant is to bear in mind that "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citations omitted); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004).

ORDERED to file his own disclosure statement in accordance with Rule 7.1 on or before December 22, 2023.

    SO ORDERED.

    Entered this 15th day of December 2023.

    /s/ Susan Collins  
    Susan Collins  
    United States Magistrate Judge